UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:23-CR-00131-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DERRICK JAMES CHAMBERS,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se motion for early termination of supervised release. (Doc. No. 2). The Government has not responded to Defendant's motion. After careful consideration of Defendant's motion and close review of the pleadings, the Court will deny Defendant's motion without prejudice.

## I.      Background

Defendant pleaded guilty and was subsequently convicted in the United States District Court for the District of South Carolina for distributing and possessing with intent to distribute 50 grams or more of cocaine base ("crack" cocaine) and 5 kilograms or more of cocaine, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A). The Honorable R. Bryan Harwell, United States District Court Judge, sentenced Defendant to 240 months' imprisonment and 10 years of supervised release. (Doc. No. 1-2). The Hon. Judge Harwell subsequently reduced Defendant's term of imprisonment to 156 months, and his supervised release to 8 years. (Doc. No. 3). Defendant's term of supervision commenced on July 17, 2020. (Doc. No. 1-4).

1

## II.     Legal Standard

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early release from supervised release is appropriate when the defendant has exhibited "exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) (internal citation omitted). "One of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime." Id. at 652. Consequently, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." Id. (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). If it were, then "the exception would swallow the rule." McKay, 352 F. Supp. 2d at 361. Ultimately, the decision whether to terminate a term of supervised release is within the Court's discretion. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (noting that the phrase "the interest of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period).

## III.     Discussion

In support of his motion for early termination of supervised release—Defendant has served roughly half of his eight-year term—Defendant cites his steady employment, support for his young children, and compliance with the terms of his supervision. The Court commends Defendant for making such constructive lifestyle changes. But full compliance with the terms of

supervised release "does not warrant early termination." <u>Folks</u>, 733 F. Supp. 2d at 652. Defendant has failed to offer evidence of "exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." <u>Id.</u> at 651. Absent such evidence, the Court cannot grant Defendant's motion.

The Court will, however, reconsider a subsequent motion for early termination of supervised release if it is supported by Defendant's probation officer. Therefore, the Court's denial of Defendant's motion will be without prejudice.

<b>ORDER</b>

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion for early termination of supervised release (Doc. No. 2) is hereby **DENIED** without prejudice.

Max O. Cogburn Jr.
United States District Judge